

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

## BILL OF INFORMATION FOR WIRE FRAUD AND NOTICE OF FORFEITURE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24- 93-JWD-SDJ |
| | : | |
| | : | 18 U.S.C. § 1343 |
| *versus* | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 18 U.S.C. § 982(a)(2)(A) & (b) |
| | : | 21 U.S.C. § 853(p) |
| DEIRDRE CARTER | : | 28 U.S.C. §2461(c) |

**THE UNITED STATES ATTORNEY CHARGES:**

At all relevant times:

1. Defendant, DEIRDRE CARTER was a resident of the Middle District of Louisiana.

2. The Paycheck Protection Program (PPP) was a COVID-19 pandemic relief program, administered by the Small Business Administration (SBA) that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

3. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP

loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

4. PPP loan applications were electronically submitted or caused to be submitted by the borrower. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

5. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrower to purchase consumer goods, automobiles, personal residences, clothing, or jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

**The Scheme to Defraud**

6. Beginning in or around May of 2021, and until at least July of 2021, in the Middle District of Louisiana, the defendant, CARTER, devised a scheme to defraud Financial Lender 1 as well as the United States, through the SBA, by filing a false and fraudulent application for PPP funds.

7. The purpose of the scheme was for the defendant to unjustly enrich herself by obtaining PPP funds under false and fraudulent pretenses and representations.

8. In order to accomplish the purpose of the scheme, CARTER used, and knowingly cause others to use, the following manner and means, both in the Middle District of Louisiana and elsewhere:

    a. CARTER caused funds from a PPP loan, over $19,125 in funds she was not entitled to, to be wired to her bank account.

    b. In furtherance of the scheme, CARTER submitted or caused to be submitted a false and misleading PPP loan application.

    c. On the application, among other statements, CARTER, falsely claims that her business generated $92,000 in gross revenue for the previous year.

    d. CARTER submitted fraudulent documents in support of her PPP loan application, including fictitious 2020 Schedule C 1040 Tax Form, showing fictitious business profits, expenses, and losses.

    e. When CARTER submitted her PPP loan application, she knew that:

        i. The PPP application contained false and material misrepresentations;

        ii. The 2020 Schedule C 1040 Tax Form showed fictious business profits expenses and losses; and

        iii. The 2020 Schedule C had not been filed with the IRS.

    f. Based on the representations contained in CARTER's PPP application, the loan was approved and funded.

### The Wire

9. On or about May 25, 2021, in the Middle District of Louisiana, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, DEIDRE CARTER, the defendant herein, did cause to be transmitted by means of wire communication in interstate commerce $19,165, which was sent by ACH from Financial Lender 1, located in Arizona to CARTER's bank account located in the Middle District of Louisiana.

    The above is a violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

10. The allegations contained in Paragraphs 1-9 of this Bill of Information are hereby re-alleged and incorporated by reference for the purse of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2)(A).

11. Upon conviction of Count One of this Bill of Information, DEIRDRE CARTER, defendant herein, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United State Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

12. If any of the property described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(1), and the United States shall be entitled to a forfeiture money judgment.

Date: 11/22/24

UNITED STATE OF AMERICA,

*/s/ Ronald C. Gathe, Jr.*
RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

*/s/ Jessica M.P. Thornhill*
JESSICA M.P. THORNHILL
ASSISTANT U.S. ATTORNEY

5

## Criminal Cover Sheet     U.S. District Court

**Place of Offense:**

City: Baton Rouge

County/Parish: East Baton Rouge

*Investigating Agency: Labor

*Agent: Dyisha Morgan-Neal

**Matter to be sealed:** ☐ Yes ☑ No

Related Case Information:

Superseding _____ Docket Number _____
Same Defendant _____ New Defendant __X__
Magistrate Case Number: _____
Search Warrant Case No.: _____
R 20/ R 40 from District of: _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Deirdre Carter

Alias: _____

Address: _____

Birthdate: _____ SS #: _____ Sex: _____ Race: _____ Nationality: _____

**U.S. Attorney Information:**

AUSA: Jessica MP Thornhill     Bar #: LBM 34118

**Interpreter:** ☐ Yes ☑ No     List language and/or dialect: _____

**Location Status:**

Arrest Date _____
____ Already in Federal Custody as of _____
____ Already in State Custody
____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 1

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18:1343 | Wire Fraud | 1 | F |
| | | | |
| | | | |
| | | | |

(May be continued on second sheet)

Date: 12.02.2024     **Signature of AUSA:** JESSICA THORNHILL *Digitally signed by JESSICA THORNHILL Date: 2024.12.02 14:56:34 -06'00'*